UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHOCKLEY,<br><br>   Plaintiff,<br><br>v.<br><br>STERICYCLE, INC., a Delaware corporation; ROBERT RIZZO, VICKI KRATOHWIL, and ELIZABETH BLUMER, individually and as agents for the Defendant STERICYCLE, INC.,<br><br>   Defendant. | No. 1:13-cv-01711<br><br>Honorable   Judge John W. Darrah |

## **MEMORANDUM IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS COMPLAINT AT LAW**

Plaintiff Christopher Shockley brings this action against Defendant Stericycle, Inc. ("Stericycle"), his former employer, and Defendants Robert Rizzo, Vicki Kratohwil, and Elizabeth Blumer, individually and as agents for Stericycle (collectively the "Individual Defendants"). Plaintiff alleges that Stericycle and the Individual Defendants intentionally interfered with his rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq* ("FMLA") and subsequently terminated him in retaliation for exercising those rights.

The law limits the definition of "employer" under the FMLA. The two-part test requires that in order to be an employer an individual must have supervisory authority over Plaintiff <u>and</u> be partly responsible for the alleged FMLA violation. Here, all Plaintiff's FMLA claims should be dismissed:

  (a) as to Defendant Rizzo because Plaintiff fails to allege either that Rizzo had any supervisory authority over Plaintiff or any responsibility for Plaintiff's FMLA allegations;

(b) as to Defendant Kratohwil because Plaintiff fails to allege that she had any supervisory authority over him; and

(c) as to Defendant Blumer because Plaintiff again fails to allege either that she had any supervisory authority over him or was responsible in any way for the alleged FMLA violation.

## I. Background

Plaintiff began working for Stericycle in the Financial Shared Services department in November 2009. (Compl. ¶ 11.) Plaintiff's supervisor was Marie Blue. (Id. ¶ 12.)

On January 18, 2011, Plaintiff informed Blue that he anticipated seeking FMLA leave to care for his father who allegedly had a medical condition. (Compl. ¶ 13.) Blue directed Plaintiff to contact Stericycle's benefit coordinator and insurance company, Liberty Mutual, to apply for FMLA leave. (Id. ¶ 14.) Plaintiff was out of work starting January 19, 2011 and did not return until February 7, 2011. (Id. ¶¶ 16, 17.)

Plaintiff requested and was initially approved for "continuous" FMLA leave beginning January 21, 2011 and ending April 14, 2011. (Compl. ¶ 18.) At Liberty Mutual's request, Plaintiff then submitted a Certification of Health Care Provider form to his father's treating physician for completion. (Id. ¶¶ 19-20.) Plaintiff later faxed the completed Certification to Liberty Mutual. (Id. ¶ 21.) On February 15, 2011, Liberty Mutual contacted Plaintiff and told him the treating doctor's Certification stated that Plaintiff required only "intermittent" leave to care for his father. (Id. ¶¶ 20, 22.) Liberty Mutual informed Plaintiff that his forms were inconsistent because his initial request for continuous leave did not match the doctor's medical certification for intermittent leave. (Id. ¶ 22.)

On February 17, 2011, Liberty Mutual sent Plaintiff a letter changing his approval to "intermittent" FMLA leave from January 21, 2011 through April 15, 2011, up to five days per

month. (Compl. ¶ 23.) On February 18, 2011, Liberty Mutual informed Plaintiff that he could have the treating physician submit an amended Certification for a continuous leave period. (Id. ¶ 22, 26.) Plaintiff alleges that Blue and Defendant Kratowhil, Stericycle's benefits administrator, contradicted this. (Id. ¶¶ 25, 26.) He also claims that he tried repeatedly to contact unidentified "Human Resource representatives" to clarify what he needed to obtain to amend the Certification and was "thwarted." (Id. ¶ 28.)

On March 9, 2011, based on the intermittent FMLA leave granted to Plaintiff, Defendant Kratohwil informed Plaintiff that some of his January absences to care for his father exceeded the allotted five days for that month. Thus, they were unexcused absences. (Compl. ¶ 29.) On March 10, 2011, Blue gave plaintiff at written counseling report for violating Stericycle's attendance policy for the January absences. (Id. ¶ 35.)

On March 15, 2011, Plaintiff had a meeting with Defendant Kratowhil and Elaine Powell of Stericycle Human Resources. During the meeting, Plaintiff was told that no amended certification would be accepted. (Compl. ¶ 30.) However, Plaintiff alleges that he was told by Liberty Mutual on March 11, 2011 that he could resubmit the Certification. (Id. ¶ 31.) Thus, Plaintiff asked the treating physician to revise the Certification, and he sent it to Liberty Mutual on March 17, 2011. (Id.) The revised Certification indicated that Plaintiff needed continuous leave from January 19, 2011 through February 6, 2011. (Id.) On March 22, 2011, Liberty Mutual sent a letter to Plaintiff informing him that his amended Certification of Health Care Provider form would not be accepted to excuse his January absences because it was submitted outside of the 30-day grace period. (Id. ¶ 33.)

On March 25, 2011, Plaintiff met with Blue to discuss a raise. (Compl. ¶ 36.) She informed Plaintiff that he would not be receiving one based on attendance issues. (Id.) Plaintiff

did not reply and simply walked out of the meeting. Approximately one hour later, Blue and Defendant Blumer, Stericycle's Director of Human Resources, informed Plaintiff that he was terminated for walking out of the meeting with Blue. (Id. ¶ 37.)

## II. Argument

### A. Legal Standards

#### 1. Rule 12(b)(6) Motion to Dismiss

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 622 (2009), the Supreme Court Clarified what a Plaintiff must allege to satisfy the requirement of Rule 8(a) that a pleading contain a "short and plain statement showing that the pleader is entitled to relief" and so survive a Rule 12(b)(6) motion to dismiss. To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570. *Iqbal* extends this standard to all civil cases. 556 U.S. at 684.

*Iqbal* set forth a two-step analysis to be applied to a motions to dismiss. First, the court should "begin by identifying pleadings that because they are no more than mere conclusions, are not entitled to assumption of truth." *Id*. at 664. Second, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. Complaints that do not state "plausible" claims for relief should be dismissed. *Id*. at 678. *Iqbal* advises that a court is not to accept as true "legal conclusions" or "[t]hreadbare recitals of elements of a cause of action, supported by merely conclusory statements." *Id*. at 663.

#### 2. FMLA Individual Liability

The Supreme Court and the Seventh Circuit have not addressed the issue of FMLA individual liability. However, courts in the Northern District of Illinois have held that

individuals can be liable under the statute. *Austin v. Cook County*, No. 07-C-3184, 2009 WL 799488 (N.D. Ill. Mar. 25, 2009). With no controlling authority on the issue, the courts have looked to the Fair Labor Standards Act ("FLSA") for guidance regarding when it is appropriate to hold an individual liable under the FMLA. Both statutes define "employer" in an identical manner. *Id*. at *3. The test, then, for individually liability under the FMLA has two requirements: (1) that the individual have supervisory authority over the plaintiff, and (2) that the individual be at least partly responsible for the alleged violation. *Id*. If an individual fails to satisfy both of these prongs, then he or she cannot be considered an "employer" and subject to FMLA liability. *Id*. None of the Individual Defendants in this matter satisfies this test.

### B. All Claims Against Individual Defendant Rizzo Should be Dismissed

#### 1. *Rizzo had no supervisory authority over Plaintiff*

Plaintiff specifically alleges that Blue was his supervisor. (Compl. ¶ 12.) Plaintiff makes no allegation that Defendant Rizzo was his supervisor. In *Austin*, the court noted, "nowhere in the complaint does Austin allege that Kobel had supervisory authority over him. Accordingly, Kobel cannot be held individually liable . . . ." 2009 WL 799488 at *2.

Moreover, just being Director of Shared Financial Services, does not impute to Rizzo supervisory authority over Plaintiff. In *Wilson v. Advocate Health and Hospital Corp*., No. 5-c-6408, 2006 WL 1749662 (N.D. Ill. June 21, 2006), the plaintiff argued that another employee, McCarthy, was individually liable for violating her FMLA rights. She argued that based on the hospital's hierarchy that "it was evident that McCarthy's position was superior to [plaintiff's]," making McCarthy her supervisor. *Id*. at *2. But that was not sufficient to demonstrate supervisory authority for purposes of individual liability. *Id*. In *Wilson*, the court also analyzed whether plaintiff "worked for" the defendant when making its individual liability determination. *Id*. The court found that even if the defendant's "inherent duties enabled him to give [plaintiff]

direction from time to time," it does not mean that the defendant had authority to make supervisory decisions. *Id*. Like the plaintiff in *Wilson*, Plaintiff appears to rely solely on Rizzo's title and position in Stericycle's hierarchy to infer supervisory authority. This is insufficient.

### 2. *Plaintiff does not allege that Rizzo was responsible for the alleged FMLA violation*

Plaintiff makes no allegation that Rizzo was even partly responsible for the alleged FMLA violation. Instead, Plaintiff alleges other conclusory and irrelevant statements, such as "Kratohwil, Rizzo, and Blumer had the ability to control in whole or in part whether the employer would interfere with Mr. Shockley's rights under FMLA," (Compl. ¶ 43.) But, alleging control is not alleging responsibility. Plaintiff also claims "Defendants Kratohwil, Rizzo and Blumer acted in the interest of Stericycle, in their dealings with Mr. Shockley, including the interference with his rights under the FMLA." (Compl. ¶ 45.) While Plaintiff concludes that interference occurred, he makes no factual allegation that Rizzo took any action against Plaintiff. *Iqbal*, 556 U.S. at 678. Thus, Plaintiff also fails to meet the second prong of the individual liability test, requiring dismissal of all claims against Rizzo.

### C. **All Claims Against Individual Defendant Kratohwil Should be Dismissed**

#### 1. *Kratohwil had no supervisory authority over Plaintiff*

Plaintiff specifically alleges that Blue was his supervisor. (Compl. ¶ 12.) Plaintiff makes no allegation that Defendant Kratohwil was his supervisor. As noted above, Plaintiff must allege supervisory authority to state a claim for individual liability. *Austin*, 2009 WL 799488 at *2; *Wilson*, 2006 WL 1749662 at *2.

Here, Plaintiff's allegations with respect to Kratohwil are similar to the *Austin* plaintiff's allegations. Plaintiff does not plead <u>any</u> facts that Kratohwil had supervisory authority over him. His allegations consistently demonstrate that it was Blue who had that authority, including

disciplining Plaintiff. (Compl. ¶¶ 12, 35.) Failing the first requirement of the individual liability test, Plaintiff's claims against Kratohwil must be dismissed.

### D. All Claims Against Individual Defendant Blumer Should be Dismissed

#### 1. *Blumer had no supervisory authority over Plaintiff*

Again, Plaintiff specifically alleges that Blue was his supervisor. (Compl. ¶ 12.) Nowhere in his Complaint does Plaintiff allege that Defendant Blumer was his supervisor. Failing to allege supervisory authority means his claims as to Defendant Blumer must fail. *Austin*, 2009 WL 799488 at *2; *Wilson*, 2006 WL 1749662 at *2

At best, Plaintiff alleges that Defendant Blumer was present when Plaintiff's actual supervisor, Blue, terminated him. (Compl. ¶ 37.) Presence does not equate to supervisory authority. Similar to the individual defendant in *Wilson*, the fact that Blumer has the title of Director of Human Resources and accompanies a supervisor for a termination meeting does not impart upon her supervisory authority. 2006 WL 1749662 at *2.

#### 2. *Plaintiff does not allege that Blumer was responsible for the alleged FMLA violation*

Plaintiff does not allege that Defendant Blumer had any responsibility for the alleged FMLA violations. As argued with regard to Defendant Rizzo, Plaintiff's "control" and conclusory interference allegations do not equate to responsibility. In fact, Plaintiff does not allege that Blumer had even any involvement in his claims until the very last day of his employment. At that time, Blumer is alleged to be a mere witness to Plaintiff's termination meeting. Under the Plaintiff's theory, any number of individuals present as a witness for a termination meeting would suddenly be "responsible" for an FMLA violation. Mere presence at a termination meeting would overrun the court with individual liability claims.

Plaintiff's mere conclusion that "Blumer created a pretextual and false reason to terminate Mr. Shockley in retaliation for his exercise of his rights to take FMLA leave," (Compl. ¶ 63), is nothing more than "threadbare recitals of elements of a cause of action." *Iqbal*, 556 U.S. at 663. He makes no factual allegation that Blumer made the termination decision or was responsible for any FMLA-related treatment. As such, all claims against her should be dismissed.

## III. Conclusion

Courts in the Northern District of Illinois have found that plaintiffs may name individual employees as defendants in FMLA matters as long as those individuals have the requisite supervisory authority and responsibility for the alleged violation. In the present matter, Plaintiff named Rizzo, Kratowihl, and Blumer as defendants without alleging sufficient facts to demonstrate that they are individually liable under this test. For all of the reasons presented, all three individuals named in Plaintiff's Complaint at Law should be dismissed as defendants.

    Respectfully submitted,

    ROBERT RIZZO, VICKI KRATOHWIL, ELIZABETH BLUMER

    By: /s/ Steven L. Hamann
        One of Their Attorneys

Steven L. Hamann, Bar No. 06195795
Scot A. Hinshaw, Bar No. 06304502
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois 60601-1003
T: +1 (312) 609-7500

Dated: May 15, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS COMPLAINT AT LAW** with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

Denise M. DeBelle
The Law Office of Denise M. DeBelle
4753 North Broadway
Chicago, Illinois 60640

On May 15, 2013

                                                  s/ Steven L. Hamann

CHICAGO/#2443520.4