UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHOCKLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 13-cv-01711 |
| STERICYCLE, INC.; ROBERT RIZZO; VICKI KRATOHWIL; and ELIZABETH BLUMER; individually and as agents for the Defendant STERICYCLE, INC., | ) ) Judge John W. Darrah ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Shockley filed suit on March 5, 2013, against Defendant Stericycle, Inc. and Individual Defendants, Robert Rizzo, Vicki Kratohwil, and Elizabeth Blumer, as agents for Stericycle, Inc., asserting two violations under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. Stericycle filed an answer to the Complaint on May 15, 2013. That same day, the Individual Defendants filed a motion to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the Individual Defendants' Motion to Dismiss is denied.

### BACKGROUND

The following facts are drawn from the Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Stericycle, Inc. is a medical waste disposal firm that employed Plaintiff as a collector of delinquent balances beginning in March 2009. (Compl. ¶¶ 10-11.) Defendant Vicki Kratohwil is the Leave Absence Administrator for Stericycle; Defendant Elizabeth Blumer is the Director of Human Resources for Stericycle, and Defendant Robert Rizzo is the Director of Financial

Shared Services. (*Id.* ¶¶ 3-5.) Plaintiff worked as a collector of delinquent balances in the Financial Shared Services Department. (*Id.* ¶ 12.) Plaintiff's immediate supervisor at Stericycle was Marie Blue. (*Id.* ¶ 12.)

On January 18, 2011, Plaintiff informed Blue he needed to take medical leave due to his father's illness. (*Id.* ¶ 13.) Blue directed Plaintiff to contact Stericycle's insurance companies and its benefit coordinator. (*Id.* ¶ 14.) Plaintiff was absent from January 19, 2011, through February 7, 2011. (*Id.* ¶¶ 15, 17.) Plaintiff was informed by Blue that he would be paid for January 19, 20, and 21 of 2011, due to two personal days and one floating holiday Plaintiff had accrued. (*Id.* ¶ 16.)

Liberty Mutual, which handled the FMLA claims for Stericyle, informed Plaintiff he was eligible for FMLA leave and noted that "you have indicated that your FMLA and/or State leave will begin on 1/21/2011 and end on 4/14/2011." (*Id.* ¶ 18.) Based on advice from a Liberty Mutual representative, Shockley designated his leave as "continuous." (*Id.*) On January 18, 2011, Plaintiff received a Certification of Health Care Provider form to be completed from Liberty Mutual. (*Id.* ¶ 19.) On the form, Stericycle had marked "continuous leave dates requested are: leave begin date: 1/21/11 and Leave End Date: 4/14/11." (*Id.*) Plaintiff completed his portion of the form and wrote "leave may be intermittent contingent upon prognosis and treatment." (*Id.* ¶ 20.) A physician treating Plaintiff's father completed a portion of the form, indicating that the leave required was "intermittent" and noting that leave was required so Plaintiff could transport his father to and from the doctor and to supervise home therapy. (*Id.*) The physician signed the form on February 1, 2011, and Plaintiff faxed the completed form to Liberty Mutual on February 8, 2011. (*Id.* ¶¶ 20-21.)

On February 15, 2011, a Liberty Mutual representative contacted Plaintiff and informed him that the form he supplied included contradictory information, because Stericycle had approved continuous leave, while the physician indicated that only intermittent leave was appropriate. (*Id.* ¶ 22.) Plaintiff received a letter from Liberty Mutual, dated February 17, 2011, which notified him that he received intermittent leave approval from January 21, 2011 through April 15, 2011, with 5.00 days of leave permitted per month. (*Id.* ¶ 23.) Another Liberty Mutual representative informed Plaintiff on February 18, 2011, that he could have the physician resubmit a corrected form. (*Id.* ¶ 22.)

Plaintiff was never informed that the dates previously approved under continuous leave were no longer approved, and Plaintiff was not given the opportunity to correct the medical certification form. (*Id.* ¶¶ 24, 25.) Liberty Mutual advised Plaintiff he could submit an amended certification, but this advice was contradicted by Blue and Individual Defendant Kratohwil, the Stericycle benefits administrator. (*Id.* ¶¶ 25-26.) Plaintiff applied for and was granted FMLA leave for his own health problems from February 21 to 24, 2011. (*Id.* ¶ 27.) Plaintiff was thwarted in his attempts to meet with Stericycle's Human Resources representatives to determine what was necessary to correct the certification for his first requested FMLA leave. (*Id.* ¶ 28.)

In a letter dated March 8, 2011, Kratohwil informed Plaintiff that his leave included four unexcused absences because they were "outside of the first five approved days of your continuous absence period." (*Id.* ¶ 29.) Plaintiff received an "Employee Counseling Report" on March 10, 2011, signed by Blue, regarding his violation of the company attendance policy for unexcused absences on January 19, 20, 28, and 31 of 2011. (*Id.* ¶ 35.) The following day, Plaintiff was advised by Liberty Mutual to re-submit the physician certification to cover days that had not been included in the original form. (*Id.* ¶ 31.) However, on March 15, 2011,

3

Plaintiff met with Kratohwil and was informed that no amended certification would be accepted. (*Id.* ¶ 30.) Despite this, the certifying physician, at Plaintiff's instruction, submitted a revised certification form and faxed it to Liberty Mutual on March 17, 2011. (*Id.* ¶ 31.) The amended certification indicated Plaintiff needed continuous leave from January 19, 2011 through February 6, 2011. (*Id.*)

Plaintiff sent a four-page letter to Kratohwil on March 21, 2011, explaining his attempts to communicate with Stericycle about his leave and how he received contradictory information about the process of applying for leave. (*Id.* ¶ 32.) Kratohwil responded that same day, stating that Stericycle would go forward with the actions previously communicated to Plaintiff, and failed to acknowledge the concerns Plaintiff raised in his letter. (*Id.*) In a letter dated March 22, 2011, Liberty Mutual informed Plaintiff his request to update his leave was denied because Liberty Mutual was "unable to accept the medical form for the dates of 1/19/11 to 2/6/11 because it is beyond the 30 day submission grace period." (*Id.* ¶ 33.) Plaintiff was never made aware of the thirty-day submission deadline. (*Id.* ¶ 34.)

Plaintiff and Blue, his immediate supervisor, met on March 25, 2011, to discuss a salary raise. (*Id.* ¶ 36.) Blue informed Plaintiff he would not receive a raise because of his attendance issue. (*Id.*) Thereafter, Plaintiff did not reply and simply walked out of the meeting room. (*Id.*) Later that same day, Plaintiff was approached by Individual Defendant Elizabeth Blumer, Stericycle's Director of Human Resources, who informed Plaintiff he was being terminated for his "insubordination because you got up and walked out after a discussion with Ms. Blue on the salary increase." (*Id.* ¶ 37.)

Plaintiff asserts Kratohwil and Stericycle interfered with his FMLA rights by disciplining Plaintiff for use of four qualified FMLA days, because Defendants failed to permit Plaintiff to

4

correct his leave certification. (*Id.* ¶ 42.) Plaintiff further alleges the Individual Defendants had the ability to control whether Stericycle would interfere with his FMLA rights and whether absences under the FMLA would count against Plaintiff in his performance evaluations. (*Id.* ¶¶ 43-44.) The Individual Defendants acted willfully to deny Plaintiff's rights under the FMLA. (*Id.* ¶ 46.)

In Count I of the Complaint, Plaintiff asserts Defendants interfered with his rights to leave under the FMLA, 28 U.S.C. §§ 2601, 2615(a)(1). In Count II of the Complaint, Plaintiff alleges Defendants retaliated against Plaintiff for exercising his rights under the FMLA, including a violation of 28 U.S.C. § 2615(a)(2). The Individual Defendants move to dismiss these claims against them, asserting that Plaintiff failed to allege their liability as individuals under the FMLA.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim cannot be "a formulaic recitation of the elements of a cause of action" or "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**ANALYSIS**

The United States Supreme Court and the Seventh Circuit have not directly addressed the issue of individual liability under the FMLA. However, some courts in this District have found that individuals can be held liable under the FMLA, and have relied on the Fair Labor Standards Act ("FLSA") to guide the interpretation of the FMLA. *See Freemon v. Foley*, 911 F.Supp. 326, 330 (N.D. Ill. 1995) ("[W]e look to the FLSA to enlighten our interpretation of the term 'employer' under the FMLA.").

"To determine whether an individual is liable as an employer under the FMLA, courts look to the . . . FLSA . . . because it defines the term 'employer' in almost identical language to the FMLA. Under the FLSA, a person is considered an 'employer' and subject to individual liability if two conditions are met: (1) the individual had supervisory authority over the plaintiff; and (2) the individual was at least partly responsible for the alleged violation." *Austin v. Cook County*, No. 07-C-3184, 2009 WL 799488, at *3, (N.D. Ill. March 25, 2009) (citations omitted).

Under the FLSA, "even if a defendant does not exercise exclusive control over all the day-to-day affairs of the employer, so long as he or she possesses control over the aspect of employment alleged to have been violated," that individual could be held liable as an employer. *Freemon*, 911 F.Supp. at 331 (citations omitted). "[T]he FMLA's reach is not limited solely to those who possess 'unilateral' authority over the conditions of employment. Rather, because of the expansive interpretation given to the term 'employer' in the FLSA, we believe the FMLA extends to all those who controlled 'in whole or in part' [Plaintiff]'s ability to take a leave of absence . . . ." *Freemon*, 911 F.Supp. at 331. The Seventh Circuit has enumerated that the FLSA standard for the individual liability of an employer requires the individual had

"supervisory authority over the complaining employee and was responsible in whole or in part for the alleged violation." *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987).

The Individual Defendants assert the Complaint did not allege the Individual Defendants' supervisory authority over Plaintiff. (Mem. in Support of Mot. at 5.) The Individual Defendants contend Plaintiff only identified Marie Blue as his supervisor and failed to identify the Individual Defendants as supervisors and further failed to allege facts demonstrating the Individual Defendants took any actions against Plaintiff. (*Id.* at 5-6.)

However, Plaintiff is not required to allege the Individual Defendants were his immediate supervisors in order to assert FMLA claims against them. For example, Plaintiff alleged Elizabeth Blumer was instrumental in his termination. (Compl. ¶ 37.) As Director of Human Resources, it is apparent that Blumer exercised at least some degree of control over Plaintiff's terms of employment; similarly, as Leave of Absence Administrator, it is reasonable to infer Individual Defendant Vicki Kratohwil had authority regarding Plaintiff's eligibility to obtain qualified FMLA leave. Plaintiff alleges Rizzo was the director of the department in which he worked, likewise supporting a reasonable inference of Rizzo's authority over Plaintiff. (*Id.* ¶¶ 5, 12.) Plaintiff further alleges that the Individual Defendants had the ability to control, at least in part, Plaintiff's ability to exercise his rights under the FMLA. (*Id.* ¶¶ 43-44.)

At the pleading stage, it is sufficient for Plaintiff to allege that the Individual Defendants, in their administrative roles, controlled, at least in part, Plaintiff's access to FMLA leave. "[S]o long as he or she possesses control over the aspect of employment alleged to have been violated," the individual can be liable under the FMLA. *See Freemon*, 911 F.Supp. at 331. Plaintiff has alleged factual content sufficient to provide the Individual Defendants with notice of

the claims against them and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiff has sufficiently alleged FMLA claims against the Individual Defendants.

## CONCLUSION

For the reasons set forth above, the Individual Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim is denied.

Date:    September 19, 2013                                             
JOHN W. DARRAH
United States District Court Judge